# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLINE TAPIA, as Executor of the Estate of DR. ROBERT S. KENT, <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH S. ROMANCE, et al., <br><br> Defendants. | 1:18-cv-00179-LJO-JLT <br><br> **DECISION AND ORDER GRANTING MOTION TO DISMISS (ECF No. 19) AND ORDERING MR. GONZALEZ TO SHOW CAUSE WHY HE SHOULD NOT BE SUBJECT TO RULE 11 SANCTIONS** |

Plaintiff filed his complaint in this matter on February 4, 2018. ECF No. 1. On June 12, 2018, Defendant Joseph P. Romance ("Defendant")[1] filed a motion to dismiss. ECF No. 18. Plaintiff did not file a response, and Defendant filed a statement indicating that the motion was unopposed on July 13, 2018. ECF No. 21. On July 13, 2018, the Court deemed the motion suitable for decision on the papers pursuant to Local Rule 230(g). ECF No. 22.

Defendant's motion is GRANTED. Plaintiff's complaint is utterly without merit. It alleges civil claims under 18 U.S.C. §§ 513 and 241. ECF No. 1 at 4-8. Both are "bare criminal statute[s], with absolutely no indication that civil enforcement of any kind was available to anyone." *Cort v. Ash*, 422 U.S. 66, 80 (1975). The statutes are enforced solely by the United States, and do not reflect any Congressional intent to create civil causes of action. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 241 does not give rise to civil liability); *Smith v. Nat'l City Mortg.*, No. A-

---

[1] The Complaint identifies Joseph S. Romance as a defendant. In the motion to dismiss, Defendant asserts that the correct name is Joseph P. Romance. ECF No. 18 at 6.

1

09-CV-881 LY, 2010 WL 3338537, at *5 (W.D. Tex. Aug. 23, 2010) (18 U.S.C. § 513 does not create a private right of action). The complaint is dismissed under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (affirming dismissal of claims brought under criminal provisions that "provide no basis for civil remedy"). Amendment would be futile, and therefore the complaint is DISMISSED WITHOUT LEAVE TO AMEND.

This complaint, signed by counsel, contains claims not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). A reasonably competent attorney should determine readily that criminal statutes like 18 U.S.C. § 241 and § 513 do not provide for civil liability. *See WSB Elec. Co., Inc. v. Rank & File Comm. To Stop the 2-Gate Sys.*, 103 F.R.D. 417, 420 (N.D. Cal. 1984) (sanctioning a pleading alleging claims under 18 U.S.C. §§ 1951, 1961, and 241). The complaint is signed by attorney Joseph D. Gonzalez, who has been substituted as attorney of record in this case by attorney Michael D. Peterson. *See* ECF No. 1 at 14; ECF No. 6. "The signing requirement in Rule 11 makes clear that any attorney who, at any time, certified to the court that a pleading complies with Rule 11 is subject to the rule, even if the attorney later withdraws from the case." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005). Mr. Gonzalez is therefore ordered to **SHOW CAUSE**, in writing, no later than **3 p.m. on Friday, August 24, 2018**, why the he should not be subject to sanctions for violating Rule 11(b). **The Clerk of Court is directed to serve Mr. Gonzalez with a copy of this order by Federal Express, signature required**, as he is not currently the attorney of record on this case. The Court will retain jurisdiction over this matter solely for the purposes of this Order to Show Cause.

IT IS SO ORDERED.

   Dated: **August 1, 2018**                       **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES CHIEF DISTRICT JUDGE